DANIEL DONOVAN, PLAINTIFF-APPELLEE, v. CITY OF BAYONNE, DEFENDANT-APPELLANT.

Submitted October term, 1933—Decided February 20, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellee, *Feinberg & Feinberg (John W. Ockford,* of counsel).

For the appellant, *Alfred Brenner.*

PER CURIAM.

This is an appeal from a judgment of the Hudson County Court of Common Pleas directed in favor of the plaintiff and against the defendant for the sum of $13,447.63.

The defendant, city of Bayonne, is governed by the provisions of the Walsh act, commonly called "commission form of government." The complaint charges that the director of parks and public property, being authorized by the governing body to lay out an athletic field in one of the parks of the city, ordered the plaintiff to furnish labor and equipment for doing this work and agreed to a price for the services of steam shovel, trucks and men. The plaintiff further alleges that in pursuance of this agreement he furnished the equipment and the necessary labor and that no part of his bill was paid.

The defendant, answering, says that the amount involved in this undertaking, being in excess of $1,000, was not susceptible of private letting but was one requiring advertising and an award of the contract to the lowest bidder.

The plaintiff started on this work on June 10th, 1931. Later he presented his first bill for labor and the services of his equipment. On July 3d, 1931, the governing body of the city of Bayonne refused to pay this first bill.

Later it appears that the defendant municipality advertised for bids for this work on July 21st, 1931, and that on October 6th, 1931, all the bids received were rejected. The plaintiff had precise knowledge of all this because he submitted a bid. Notwithstanding that the defendant refused to pay the plaintiff's first bill and that bids for the very work that he was doing were sought by public advertising and the bids received in response thereto rejected, the plaintiff continued unto the end of the work without receiving any payment.

It appears that the governing body had adopted a resolution in connection with the laying out of this athletic field and had recognized that an emergency existed in the city of Bayonne because of the great amount of unemployment in that city. The idea of the governing body in these circumstances was that the creation of an athletic field should not, as usually happens, be let out as one contract to a bidder who would bring in his own laboring force, but that the people of Bayonne should be hired to perform the labor and placed, for the duration of that work, upon the payroll of the director in charge. This was as far as the resolution on the emergency, existing in the situation, went. It did not purport to let down the bars on expenditures in excess of $1,000, which were necessary for the doing of this work. This would have been contrary to the provisions of the statute (*Pamph. L.* 1925, *ch.* 137), and while under certain circumstances the statutory provisions may be suspended by the governing body, that did not happen in this case. In fact, the exact opposite is true since the resolution provided that there would have to be competitive bidding for truck hire, &c., in excess of $1,000.

With these facts and circumstances before it, the court directed a verdict in favor of the plaintiff for the full amount of his claim. In this the court below fell into error. The provisions of the statute, cited above, provide that a munici-

pality "shall not enter into any contract for the doing of any work * * * the hiring of teams or vehicles where the sum to be expended exceeds $1,000 unless after public advertisement the same shall be awarded to the lowest bidder."

We think that the action of the director of the department of parks and public property, in hiring the plaintiff, was without legal sanction; it was neither authorized nor ratified by the governing body. It was plainly in violation of the statute.

The judgment under review therefore will be reversed, and a *venire de novo* awarded.